IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                                                Case No. 15-05294

ELISA LUISA INFANTE MIRANDA                Chapter 11

        Debtor(s)
_____/

## FIRST PLAN OF REORGANIZATION DATED MAY 31, 2016

Jesús Enrique Batista-Sánchez, Esq.
**The Batista Law Group, PSC**
Cond. Mid-Town Center
420 Ave. Juan Ponce De León
Suite 901
San Juan, PR 00918
(787) 620-2856

1

# ARTICLE I
# SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Elisa Luisa Infante Miranda (the "Debtor") from cash flow generated from the operation of the Debtors businesses and rental income**.**

This Plan provides for four (4) classes of secured claims; one (1) class of unsecured claim; and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately $31,000.00. The contemplated distributions to unsecured creditors will equate to a 100.00% distribution. This Plan also provides for the payment of administrative claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 Class 1. | | Class One (1) consists of the Allowed Secured Claim, if any, of the Principal balance of Ditech Financial, LLC, allegedly secured by a pre-petition mortgage on the Primary Residence, which is homestead real estate owned by Debtor. |
| 2.02 Class 2. | | Class Two (2) consists of the Allowed Secured Claim, if any, limited to accrued mortgage arrears owed to Ditech Financial, LLC, allegedly secured by a pre-petition mortgage on the Primary Residence, which is homestead real estate owned by Debtor. |
| 2.03 Class 3. | | Class Three (3) consists of the Allowed Secured Claim, if any, of First Bank, allegedly secured by a pre-petition mortgage lien on the Commercial Property, which is non-homestead real estate owned by Debtor. |
| 2.04 Class 4. | | Class Four (4) consists of the Allowed Secured Claim, if any, of Centro de Recaudaciones de Ingresos Municipales ("CRIM"), allegedly secured by a pre-petition statutory lien on the Commercial Property, which is non-homestead real estate owned by Debtor. |

2

2.05 <u>Class 5</u>        Class five (5) consists of the pre-petition general unsecured claims against the Debtor allowed under § 502 of the Code.

2.06 <u>Class 6</u>        The Debtor's interest in the assets of the Estate.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims.</u> Except as otherwise expressly provided for herein, the Debtor shall pay Ordinary Course Administrative Claims according to the existing terms in effect between the Debtor and the Holders of such Ordinary Course Administrative Expense Claims.

3.02    <u>Administrative Expense Claims</u>.  All Administrative Expense Claims that are not Ordinary Course Administrative Expenses Claims, including Professional Fee Claims, shall be paid 15 days after the later of (i) the Effective Date, (ii) the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or (iii) the date such Administrative Expense Claim becomes payable pursuant to any agreement between the Debtor or the Reorganized Debtor and the holder of such Administrative Expense Claim.

3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| **Class** | **Description** | **Insider** | **Impairment** | **Treatment** |
|---|---|---|---|---|
| 1. | **The Allowed Class One Claim of Ditech Financial LLC.**  Class One (1) Claim consists of the Allowed Secured Claim, if any, *limited to the Principal balance only*, secured by Debtor's Primary Residence Property, which is homestead real estate owned by Debtor.  Ditech filed Proof of Claim #3-1, with a Principal | No | yes | The Allowed Class 1 Secured Claim will be satisfied in full via the continuance of payments by the Debtors based on the same terms, condition and provisions as existed pre-petition.  Allowed Class 1 Creditors will retain their liens to the same extent and priority as existed pre-petition. The Debtor's obligation regarding the payment of taxes, insurance and any |

3

| | | | | |
|---|---|---|---|---|
| | Balance owed in the amount of $179,363.09. | | | other escrow account obligations remain the same as per the original loan obligation. In addition, the Debtors have entered into a Stipulation Agreement with Ditech, which is attached hereto as **Exhibit A-1**, which is incorporated and made part of this Plan. |
| 2. | **The Allowed Class 2 Claim of Ditech Financial, LLC.** Class Two (2) consists of the Allowed Secured Claim, if any, of Ditech Financial, LLC, *limited to the accrued mortgage arrears,* allegedly secured by a pre-petition mortgage on the Primary Residence owned by Debtor. Ditech filed Proof of Claim #3-1 with mortgage arrears, which constitute the Allowed Class 2 Claims in the amount of $28,304.53 | No | Yes | Any amount of secured arrears, which becomes an Allowed Claim, will be paid over 120 months. The Secured Arrears claim (i.e., the Allowed Class 2 Claim) will be paid without the payment of interest. The first payment of the Secured Arrears Claim shall be due on the 1st day of the 2nd month following the Effective Date of the Plan. In addition, the Debtors have entered into a Stipulation Agreement with Ditech, which is attached hereto as Exhibit A, which is incorporated and made part of this Plan. |
| 3. | **The Allowed Class 3 Claim of First Bank**. Class Three (3) consists of the Allowed Secured Claim, if any, of First Bank, allegedly secured by a pre-petition mortgage lien on the Commercial Property, which is non-homestead real estate owned by Debtor. FirstBank filed Proof of Claim #5-1, which may qualify as a Class 3 Claim, in the amount of $91,078.89. It is anticipated that the Claims filed pursuant to Class 3 will result in Allowed Class 3 Claims in the amount of $91,078.89. | No | Yes | The Holder of an Allowed Secured Class 3 Claim, if any, will receive a 100% distribution on its Allowed Secured Claim. It is estimated that the Class 3 Allowed Secured Claims will be in the amount of $91,078.89. Any Class 3 Claim will be amortized over 120-months. The Class 3 Claim will be paid in full via 120 monthly payments of interest and principal with a ballon payment taking place at year number 5. The yearly rate of interest will be based on 4.25%. The Debtor will commence monthly payments on account of the Allowed Class 3 Claim on the first day of the second month following the Effective Date of the Plan. The Allowed Class 3 Claims will be secured by the Commercial Property to the same extent and priority as they had as of the Petition Date. **The** |

| | | | | |
|---|---|---|---|---|
| | | | | **Debtor will be deemed to be in default ("Default") if the payment is not received within the calendar month in which it is scheduled. In the event that Debtor Defaults in one monthly payment, the Cash Collateral payments will immediately go to Firstbank for the Default month and subsequent months, until such Default is cured. This right will be notified to Debtor's tenants via written communication issued by Firstbank, and Firstbank will also exercise its right to direct payment from Debtor's tenants as to the cash collateral. In the even that Debtor Defaults in two or more monthly payments, Firstbank will file an informative motion to that effect. If the Default is not cured within 15-days of the filing of such Informative Motion, the automatic stay will be deemed lifted in favor of Firstbank, without further notice or/and without the need to celebrate a hearing, that is the stay will be lifted automatically.** |
| 4. | **The Allowed Class 4 Claim of CRIM**. Class Four (4) consists of the Allowed Secured Claim, if any, of Centro de Recaudaciones de Ingresos Municipales ("CRIM"), allegedly secured by a pre-petition statutory lien on the Commercial Property, which is non-homestead real estate owned by Debtor. CRIM filed Proof of Claim #2-1, which may qualify as a Class 4 | No | Yes | The Holder of an Allowed Secured Class 4 Claim, if any, will receive a 100% distribution on its Allowed Secured Claim. It is estimated that the Class 4 Allowed Secured Claims will be in the amount of $9,911.06. Any Class 4 Claim will be amortized over 180-months. The Class 4 Claim will be paid in full via monthly payments of interest and principal. The yearly rate of interest will be based on 4.25%. The Debtor will commence monthly payments on account of the Allowed Class 4 Claim on the first day of the second-month following the Effective Date of the Plan. The Allowed Class 4 Claims will be secured by the Commercial Property to the same extent and priority as they had as of the Petition Date. |

5

| | | | | |
|---|---|---|---|---|
| | Claim, in the amount of $9,911.06[1]. It is anticipated that the Claims filed pursuant to Class 4 will result in Allowed Class 4 Claims in the amount of $9,911.06. | | | |
| 5. | **The Allowed Class 5 Claims of General Unsecured Creditors**. Class 5 General Unsecured Claims consists of all unsecured claims allowed under § 502 of the Code. This Class consists of the (a) pre-petition unsecured claims against the Debtor, to the extent Allowed, if any. It is anticipated that the Claims filed pursuant to Class 5 will result in Allowed Class 5 Claims in the approximate amount of $31,000.00. | No | Yes | It is anticipated that the Claims filed pursuant to Class 5 will result in Allowed Class 5 Claims in the approximate amount $31,000.00. The Plan anticipates a 100.00% distribution on these claims. These claims will be paid via monthly payments. Payment will be payable on or before the last day of the 180th month following the Effective Date of the Plan. Payments on the Class 5 Claims will commence on the first day of the 61st month following the Effective Date of the Plan and continue, on a monthly basis, through the last day of the 180th month following the Effective Date of the Plan. The Payment will be based on principal only, without any payment of interest |
| 6. | **The Debtors' Equity (Ownership) Interest over Property of the Estate** | Yes | No | Debtors will retain his Ownership Interest. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

---

[1] Proof of Claim #2-1 was filed in the amount of $10,618.32; however, only $9,911.06 was claimed as a secured claim.

6

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the executory contracts and/or unexpired Leases, listed in the attached **Exhibit B-1**, effective upon the effective date of this Plan as provided in Article VII.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above or specifically enumerated or listed in the attached **Exhibit B-1**, or before the date of the order confirming this Plan, upon the effective date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 60 days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

1. *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

The Plan establishes that the Plan will be funded from the cash-flow generated by the Reorganized Debtor. It generally consists of the business income from DBA D" Liz Beauty Center and rental income from Properties. The Debtor will contribute her cash flow to fund the Plan commencing on the Effective Date of the Plan and continue to contribute through the date that Holders of Allowed Class 1, 2, 3, 4, and 5 Claims receive the payments specified for in the Plan.

2. *Post-confirmation Management*

The Post-Confirmation Manager of the Debtor shall be: (a) Mrs. Elisa Infante Miranda.

7

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico governs this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01. <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully Submitted,

/s/ Elisa Infante Miranda
Elisa Infante Miranda

Jesús E. Batista Sánchez, Esq.
**The Batista Law Group, PSC**
420 Ave. Ponce de León
Suite 901
San Juan, PR 00918
Tel. 787-620-2856
Fax. 787-625-0259